United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SUKHVINDER SINGH, <br><br> Plaintiff, <br><br> v. <br><br> KIRSTJEN NIELSON, et al., <br><br> Defendants. | Case No. 18-cv-05840-LB <br><br> **ORDER TO SHOW CAUSE** |

# INTRODUCTION

Sukhvinder Singh, a native and citizen of India, is currently in the custody of U.S. Immigrations and Customs Enforcement (ICE).[1] Mr. Singh filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C § 2241(c)(1).[2] His petition is now before the court for review pursuant to 28 U.S.C. § 2241 and Rule 4 of the Rules Governing Section 2254 and 2255 Cases in the United States District Courts.[3] This order requires the respondent to respond to the petition.

---

[1] Petition – ECF No. 1 at 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.*

[3] Rule 1(b) states, "the district court may apply any or all of these rules to a habeas corpus petition" not brought under Section 2254 or 2255, and thus applies to this habeas petition brought under Section 2241.

ORDER – No. 18-cv-05840-LB

## STATEMENT

Mr. Singh, a citizen of India, filed an application for immigration relief.[4] An Immigration Judge denied his application on April 22, 2004.[5] Mr. Singh was taken into detention pending his removal from the United States, and was held at the West County Detention Center in Richmond, California beginning November 3, 2017.[6] He was held at the West County Detention Center in Richmond, California.[7] Mr. Singh was later transferred to the Aurora Detention Facility in Aurora, Colorado, where he remains in custody.[8] ICE issued decisions to continue Mr. Singh's detention on January 29, 2018, May 18, 2018, and August 29, 2018.[9] According to his declaration, Mr. Singh has cooperated with ICE and has provided them with requested documentation and information regarding his removal and repatriation.[10] Mr. Singh has been detained for almost 11 months.

## ANALYSIS

District courts have jurisdiction under 28 U.S.C. § 2241 to review habeas petitions by noncitizens challenging the lawfulness of their detention. 28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Section 2241 proceedings are available for "statutory and constitutional post-removal-period detention" of non-citizens who have been admitted to the United States. *Id.* at 687–88, 693. Courts "shall forthwith award the grant or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

8 U.S.C. § 1231(a)(6) authorizes the government to continue to detain an alien after entry of a

---

[4] Petition – ECF No. 1 at 4.
[5] *Id.*
[6] Singh Decl. – ECF No. 1-2 at 1.
[7] *Id.*
[8] *Id.* at 2.
[9] ICE Decisions – ECF No. 1-1 at 1–3.
[10] *Id.*. at 1.

final removal order, but it does not permit indefinite detention of an alien whose native country will not accept him if he is removed. *Zadvydas*, 533 U.S. at 687–88, 697–98. Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute. *Id.* at 699–700.

Mr. Singh alleges that his continued detention is unlawful under 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas* and unconstitutional under the Due Process Clause of the Fifth Amendment. He argues that ICE has been "wholly unsuccessful in repatriating" him and that "it is unlikely that in the reasonable foreseeable future the government will be able to effect his removal."[11] The petition states a cognizable claim for habeas relief for the petitioner under 28 U.S.C. §2241 based on the alleged indefinite detention by ICE.

**CONCLUSION**

For the foregoing reasons,

1. The claim that Mr. Singh's continued detention violates 8 U.S.C. § 1231(a)(6), and Mr. Singh's constitutional right to due process warrants a response.
2. The clerk must serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the United States. The clerk must also serve a copy of this order on Mr. Singh.
3. The clerk also must serve a copy of the "consent or declination to magistrate judge jurisdiction form upon respondent and respondent's attorney, the Attorney General of the United States.
4. By November 27, 2018, respondents must respond by answering the allegations and showing cause why a writ of habeas corpus should not issue.
5. If Mr. Singh wishes to respond to the answer, his traverse, opposition, or statement of non-opposition must be filed by December 18, 2018.

---

[11] Petition – ECF No. 1 at 7.

The matter will be taken under submission, or set for hearing, in the court's discretion.

**IT IS SO ORDERED.**

Dated: October 3, 2018

_____
LAUREL BEELER
United States Magistrate Judge